BAILES, Judge Pro Tem.
This is an appeal in a garnishment proceeding from'a judgment rendered against a garnishee. Cast in judgment in the amount of $2,024.69 plus judicial interest and all costs was Basco, Inc. (hereafter, Basco) the employer of one Curtis W. Johnson. This judgment was rendered pursuant to a hearing in the district court on motions by the judgment-creditor to traverse certain answers by Basco to garnishment interrogatories and to have a prior garnishment made executory against *635 Basco. The events leading to that judgment are a matter of record herein.
On October 30, 1969, the plaintiff obtained judgment by default against the defendant. On June 20, 1974, the plaintiff filed a garnishment petition and interrogatories against the appellant. The employer’s answer, filed July 3, 1974, indicated that, as of July 1, Johnson was employed on a commission basis only; prior to that time, he had been a salaried employee earning $1,000 per month.
After the answer was filed, a hearing was had to determine the non-exempt portion of the judgment-debtor’s wages and judgment was subsequently rendered on September 6, 1974, ordering Basco to remit to the Sheriff of Terrebonne Parish the maximum weekly deductible amount, as provided by LSA-R.S. 13:3881.
On February 4, 1975, the plaintiff filed a rule seeking more complete answers to the previously filed interrogatories, it appearing to the moving party that certain information to which it was entitled by LSA-R.S. 13:3926 had not been supplied by Bas-co. To that rule, the garnishee filed peremptory exceptions.
Subsequent to a hearing thereon, those exceptions were dismissed and supplemental answers ordered. Those judgments, rendered March 10, 1975, have not been appealed and the answers required of Bas-co were, thereafter, filed.
Based upon those answers, which related that Johnson was employed as a part-time purchasing agent without a guaranteed salary upon which a wage could be determined, but which also supplied a ledger sheet showing that some $12,158.75 had been paid by Basco to Johnson since the garnishment had been filed, without deduction, the plaintiff filed a rule to make the judgment executory against Basco and to traverse the answers and amended answers to the interrogatories.
That matter was heard on April 17, 1975, and the trial judge thereafter rendered thorough and lengthy written reasons for judgment in which he concluded that Basco should be cast for the entirety of the plaintiff’s judgment. We affirm.
At that hearing, only the testimony of the garnishee’s accountant, Linward J. Broussard, was taken. It was there established that since January of 1974, Johnson had received in excess of $19,000.00 in payments of varying amounts and descriptions from Basco, but that no amounts had been withheld in payment of the garnishment judgment. In explanation of that fact, Broussard related that Johnson’s employment was two-fold. First, he was a purchasing agent of oilfield equipment for Basco under an arrangement in which he obtains its authorization to procure a piece of equipment for a certain price and, if he is able to thereafter purchase it for less than the authorized price, he retains the difference as commission. Secondly, he was a commissioned salesman for Basco; however, at the time of the hearing, he had made no sales and had not earned a commission.
More than forty disbursements had been made to Johnson from January 9, 1974, through February 19, 1975. These were explained to be either payments for expenses incurred by him, advances against those expenses, or payments to him for the cost of equipment only and that any income that Johnson had realized from any of those disbursements was not known to Basco.
The trial judge found the testimony presented to be unworthy of belief and characterized it as “the biggest subterfuge I’ve ever seen in all my life.” He concluded that the payments listed as expenses were unrealisticly high, that the equipment payments and advances on expenses were not satisfactorily explained by credible testimony, that Basco’s answers to the interrogatories were inconsistent, and that their *636 description of the employment relationship was inaccurate. Since no federal or state deductions were withheld, the entirety of the funds paid were declared to be net earnings. As those payments were clearly sufficient to have satisfied the plaintiff’s claim had they been deducted by Basco subsequent to the garnishment having been filed, judgment was rendered against the garnishee for the total amount owed. the claimant. We find no error in that judgment.
Basco argues here that the appellee did not timely traverse the answers to the garnishment interrogatories which were served on the appellee in July, 1974. Additionally, they also contend that the appel-lee’s motion for more complete answers was improper and that their original answers were sufficient.
While those contentions may have had, merit, they are not properly before the court at this time. Those issues were before the trial court, and decided by it, at the hearing on February 28, 1975. Judgments were rendered thereon on March 10, 1975, and Basco timely complied with those orders, without appeal. Further, in appellant’s pleading styled “PETITION AND ORDER FOR APPEAL,” and in their appeal bond, they specifically state that they are appealing the judgment of April 24, 1975. That judgment dealt only with the evidentiary hearing on April 17 and did not pertain to the prior hearing in which the procedural irregularities now complained of were acted upon.
Finally, the appellant contends that the plaintiff failed to meet its burden of proof in establishing that the funds paid to the judgment-debtor was income. The evidence does not support such a conclusion. The trial court had before it proof that Basco had paid in excess of $19,000.00 to an employee over a period of sixteen months. During the latter half of that period, they had been under the order of that court to make deductions according to law from the employee’s income but had made no deductions whatsoever. Their only defense was to disclaim knowledge of any part of those payments actually being income. The court heard that testimony and its well considered reasons for judgment reflect an absolute disbelief of it. We find no manifest error in that judgment. See Southern Scrap Mat. Co. v. Commercial Scrap Mat. Corp., La.App., 144 So.2d 425 (4th Cir. 1962.)
Accordingly, for the foregoing reasons, the judgment appealed is affirmed. Appellant is cast for all court cost.
Affirmed.